Request of House of Representatives,
No. 4749.

OPINION OF THE JUSTICES.

Submitted April 23, 1959.

Answer returned April 23, 1959.

The following resolution adopted by the House of Representatives on April 16, 1959, was filed in this court on the same day:

"WHEREAS, House Bill No. 435, An act imposing a service fee on common carriers of passengers by air, is now pending in the House of Representatives, and

"WHEREAS, questions have been raised concerning the constitutionality of the provisions of said bill;

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion on the following question of law:

"Does the imposition of a service fee on common carriers of passengers by air in the manner proposed in said bill violate the fundamental law of the State as expressed in the Constitution? further

"RESOLVED, that the Speaker of the House of Representatives transmit to the Supreme Court forthwith seven copies of said House Bill."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court make the following answer to the inquiry contained in your resolution with reference to House Bill No. 435, entitled "An act imposing a service fee on common carriers of passengers by air."

House Bill No. 435 would amend RSA ch. 422 by adding thereto a new section, imposing upon carriers "engaged in this state in the business of common carrier of passengers for hire by aircraft" who use in connection with such business "a public landing area or areas constructed, operated or maintained in whole or in part, through or with funds contributed by the state . . . a service fee of one dollar with respect to each passenger emplaning upon [their] aircraft at any such landing area." The bill provides further that the fees which it would impose shall be paid monthly to the New Hampshire Aeronautics Commission, and upon audit of the return required to be filed therewith, shall be forwarded to the State Treasurer to be covered into the aeronautical fund established by RSA 422:42. The bill further provides that nothing contained therein shall prevent the service fees so paid from being collected by the carrier from the passengers involved.

The charge proposed to be imposed is denominated by the bill a "service fee" for the use of "public" landing areas constructed, operated or maintained in whole or in part by state funds. *Cf. Opinion of the Justices,* 95 N. H. 548. No constitutional provision precludes the imposition of such a charge, provided it is reasonable recompense exacted for use of the facilities furnished. *Tirrell* v. *Johnston,* 86 N. H. 530; *Opinion of the Justices,* 94 N. H. 513. *Cf. Marine Corps League* v. *Benoit,* 96 N. H. 423.

By definition of the act which the bill would amend, an "air carrier" is a carrier engaged solely in intrastate transportation (RSA 422:3 II); and your inquiry is restricted to the question of possible violation of the Constitution of this state. We therefore have not felt called upon to express any opinion as to whether the proposed fee could be regarded as affecting interstate commerce, or in any way invalid as a violation of the United States

Constitution, Art. 1, *s*. 8, *cl*. 3. And see 49 U.S.C.A., *s*. 1301, *et seq*. However we see no reason to anticipate objection to the proposed statute upon that ground. *Cf. Tirrell* v. *Johnston, supra; Aero Transit Co.* v. *Comm'rs*, 332 U.S. 495. The specific question embodied in your resolution is answered in the negative.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

April 23, 1959.

*Russell Hilliard*, Director of State Aeronautics Commission, *Louis C. Wyman*, Attorney General, and *Warren E. Waters*, Deputy Attorney General, in favor of a negative answer.